**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER COUNCILL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ECOLAB, INC., a foreign Corporation, DOES 1-50, inclusive and ROE CORPORATIONS 1-50, inclusive,<br><br>Defendant. | **CASE NO.:**<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff Jennifer Councill ("Councill") by and through her attorneys of record, the law firm of HKM Employment Attorneys LLP hereby complains and alleges as follows:

### PRELIMINARY STATEMENT

Plaintiff intends to assert additional claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA") and related Nevada state law claims under NRS 613.330 et. seq. against Defendant for violations of the same. Plaintiff is in the process of exhausting her administrative remedies on such claims and intends to move to amend this Complaint once such administrative remedies have been exhausted.

### JURISDICTION

1. This is an action for damages arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

1. This Court original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA. Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367 because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between Plaintiffs and Defendant.

2. All material allegations relative to the named Defendant contained in this Complaint occurred in the State of Nevada, Clark County.  Therefore, venue properly lies in the southern division of the United States District Court, District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

3. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

4. Plaintiff, JENNIFER COUNCILL, is a citizen of the State of Nevada and a resident of Clark County, Nevada.

5. At all relevant times, Defendant Ecolab, Inc. was a corporation incorporated in the State of Delaware and was authorized to conduct, and did so conduct, business in the State of Nevada and in Clark County, Nevada.

6. Doe Defendants 1 through 50 inclusive and Roe Corporation Defendants 1 through 50 inclusive, are unknown at the present time and thus sued by Plaintiff in such fictitious names. Plaintiff alleges, however, that said Defendants are in some manner responsible for the damages sustained by Plaintiff and that said Defendants will be named with particularity once their identities are known.  At such time, Plaintiff will seek leave of

court to state more fully herein the names and acts of said Defendants.

**GENERAL ALLEGATIONS**

7. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

8. At all times relevant herein, Plaintiff was employed as a "Territory Manager" by the Defendant in Las Vegas, Nevada, from in or around November 2017 through in or around June 2021.

9. Plaintiff did not manage the Defendant's enterprise, nor did she manage a department or subdivision of Defendant's enterprise.

10. Plaintiff did not customarily and regularly direct the work of two or more full-time employees or their equivalent.

11. Plaintiff had no authority to hire or fire other employees, nor were her suggestions or recommendations as to hiring, firing, advancing, or promoting other employees given particular weight by the Defendant.

12. As a Territory Manager, Plaintiff was classified by Defendant as salary exempt and paid an annual salary of approximately $70,000.00 per year.

13. The vast majority of Plaintiff's wages each pay period consisted of her promised salary, and less than half of her wages during any representative period were for commissions on goods or services.

14. While employed as a Territory Manager, Plaintiff regularly worked in excess of 40 hours per week without being compensated with overtime wages as required by federal and Nevada law, including, but not limited to, the week of March 8, 2020 through March 14, 2020, a week during which she was assigned "on-call" weekend duty.

15. Defendant did not require Plaintiff to clock in or out during her workdays, did not deliberately track the hours Plaintiff was working each day or each week, and did not maintain time records that were created for the purpose of tracking the number of hours

worked each day or each week as required by state and federal law.

16.  Plaintiff estimates that she worked, on average, approximately 53 hours each week during the entirety of her employment with Defendant.

17. Plaintiff's hours routinely exceeded 40 hours in a workweek because of the nature of Plaintiff's job. For example, Plaintiff was required, on nearly a daily basis, to respond to emergency service calls at the client accounts she serviced. Such emergency service calls were in addition to the normal servicing of her client accounts that Plaintiff was required to perform on a daily basis. Plaintiff was also required to perform preliminary and postliminary work at her home, which added to her weekly tally of uncompensated overtime hours worked. In addition, on a rotating basis, Plaintiff was required to be "on-call" for a period of approximately 60 hours over the course of a weekend every four to six weeks. This "on-call" time was not compensated by Defendant. During such "on-call" weekend duty, Plaintiff was required to be ready and respond in person, within a period of 30 minutes, to any emergency calls that she received. Thus, Plaintiff's "on-call" weekend duty restricted her ability to travel, sleep, and consume alcohol.

18. Plaintiff did not, either regularly or intermittently, perform, nor was she required to perform by Defendant, duties or responsibilities that would cause her to be exempt from the overtime wage requirements of federal or Nevada law.

## **FIRST CAUSE OF ACTION**
### **(Violation of the Fair Labor Standards Act 29 U.S.C. § 207)**

19. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

20. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in

commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

21. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA.

23. Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours in a workweek without overtime compensation.

24. Defendant violated 29 U.S.C. §207(a) by failing to pay Plaintiff time and one-half her regular hourly rate for hours she worked in excess of forty (40) hours during a workweek.

25. As a result of the unlawful actions of the Defendant, Plaintiff has been deprived of overtime pay in an amount to be proven at trial.

26. At all relevant times, Defendant was aware of the duties performed by the Plaintiff and was also fully aware that the duties of the Plaintiff were inconsistent with overtime exempt status and that Plaintiff was not exempt from the overtime and minimum wage provisions of the FLSA.

27. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to its employee sufficient to determine her wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

28. Defendant's violations of 29 U.S.C. §207(a) were willful, repeated, and intentional.

29. Plaintiff has had to obtain the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations of 29 U.S.C. §207(a) and therefore, she is entitled to recover reasonable attorney's fees against Defendant as provided for under the FLSA.

30. Plaintiff is also entitled to recover a sum equal to her unpaid overtime wages as

liquidated damages under the FLSA.

## SECOND CAUSE OF ACTION
**(Violation of Nevada Law, Nevada Revised Statutes
Chapter 608 Non-Payment of Wages)**

31. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

32. Plaintiff brings this Second Cause of Action against Defendant pursuant to NRS 608.016 for her full earned wages and NRS 608.018, for nonpayment of overtime wages.

33. Pursuant to NRS 608.016, Plaintiff was entitled to the payment of her full wages for each hour or portion thereof that she worked, and the Plaintiff was not paid such wages.

34. Pursuant to NRS 608.018, Plaintiff was entitled to the payment of wages at time and one-half her regular hourly rate when she worked in excess of 40 hours in a week, and the Plaintiff was not paid such wages.

35. Defendant has also violated NRS 608.115 by failing to establish and maintain records of wages for the benefit of its employees, including Plaintiff, which show for each pay period the total hours Plaintiff was employed in the pay period by noting the number of hours per day.

36. As a result, Plaintiff seeks on this Second Cause of Action, a judgment against Defendant for the unpaid wages and compensation, including unpaid overtime wages, owed to Plaintiff in an amount to be determined at trial based upon an accounting of the hours worked by, and wages actually paid to, the Plaintiff.

37. Plaintiff has had to obtain the services of an attorney to protect her rights and secure compensation for the damages she incurred because of Defendant's violation of Nevada law and therefore seeks an award of attorney's fees, interest, and costs as provided for by Nevada law.

## THIRD CAUSE OF ACTION
**(Violation of Nevada Law, Nevada Revised Statutes 608.020,
608.030, and 608.040 Failure to Timely Pay Wages Due)**

38. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

39. Plaintiff brings this Third Cause of Action against Defendant pursuant to NRS 608.040 for Defendant's failure to pay all wages owing and due, including Plaintiff's unpaid overtime wages, in a timely manner after Plaintiff's separation of employment.

40. The Defendant has failed and refused to pay Plaintiff her earned but unpaid wages, including her unpaid overtime wages, such conduct by the Defendant constituting a violation of NRS 608.020, 608.030, and giving rise to a claim under NRS 608.040.

41. Plaintiff has never refused to receive payment of any of her earned but unpaid wages, nor has she secreted or absented herself to avoid payment of her wages owed.

42. As a result of the foregoing, Plaintiff seeks a judgment against the Defendant for the penalty prescribed by NRS 608.040, to wit, for a sum equal to up to thirty days of wages, along with interest, costs, and attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays this court for:

    a.  A jury trial on all appropriate claims;

and to enter judgment in favor of the Plaintiff by:

    b.  Determining the damages sustained by the Plaintiff as a result of Defendant's violation of 29 U.S.C. § 207 and Nevada law and award those damages in favor of Plaintiff;

    c.  An equal amount as liquidated damages in accordance with 29 U.S.C. §216(b);

    d.  Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, including but not limited to an award of all overtime wages owed and penalty amounts prescribed by law, and otherwise make her whole in accordance with the law;

    e.  An award of attorney's fees, costs, and interest as provided for by law; and

    f.  Any other relief the court deems just and proper.

1    Dated: October 13, 2021.

2

3                              Respectfully submitted,

4                              **HKM EMPLOYMENT ATTORNEYS, LLP**

5                              By: /s/ *Dana Sniegocki*

                              **JENNY L. FOLEY, Ph.D., ESQ.**

6                               Nevada Bar No. 9017

                              E-mail: jfoley@hkm.com

7                               **DANA SNIEGOCKI, ESQ.**

                              Nevada Bar No. 11715

8                               E-mail: dsniegocki@hkm.com

                              1785 East Sahara, Suite 300

9                               Las Vegas, Nevada 89104

10                             Tel: (702) 805-8340

                            Fax: (702) 805-8340

11                             *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28